IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTH DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| KELLY PINN, on behalf of herself and others similarly situated, : : : | |
| Plaintiff, : : | Case No. |
| v. : : : | CLASS ACTION COMPLAINT |
| UNITED INSURANCE PROFESSIONALS, LLC : : : | |
| Defendant. : | |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Kelly Pinn ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. United Insurance Professionals, LLC ("United" or "Defendant"), who offers several insurance products, sent multiple telemarketing calls to residential telephone numbers, including the Plaintiff, which is prohibited by the TCPA, despite their presence on the National Do Not Call Registry. Moreover, United Insurance Professionals, LLC continued to send calls to individuals who it admitted it knew were on the Registry, as it did with Plaintiff.

3. The Plaintiff never consented to receive the calls, which were placed to her for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Kelly Pinn is a Texas resident.

6. Defendant United Insurance Professionals, LLC is an Ohio corporation headquartered in this District.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff was placed from this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

12. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

16. Defendant is in the business of selling insurance for multiple insurance companies.

17. One of Defendant's strategies for marketing insurance services and generating business is through telemarketing.

18. Defendant telemarketing includes sending autodialed robocalls to residential numbers on the National Do Not Call Registry.

19. Recipients of these calls, including Plaintiff, did not consent to receive them.

<u>Calls to Plaintiff</u>

20. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

21. The Plaintiff registered her residential cellular telephone number, 817-XXX-XXXX on the National Do Not Call Registry on February 9, 2009 and it has been on the Registry continuously since that time.

22. The Plaintiff has received at least 17 calls from the Defendant to sell her final expense insurance, from various illegally "spoofed" caller ID number of 210-460-17RR, where RR represents a random two-digit number, for example, 210-460-1714 and 210-460-1732.

23. The first call Plaintiff received came at 8:24 AM Central Time on December 11, 2023 from the spoofed caller ID 210-460-1714. During that call, an agent claiming to be from "US Benefits" attempted to sell the Plaintiff final expense insurance before asking the Plaintiff if there was another number the agent could call the Plaintiff back on because her number was on the National Do Not Call Registry.

24. Despite not giving her permission to call, the calls continued at 8:28 AM, and 8:31 AM. During the 8:31 AM call, the caller, who also stated he was from "US Benefits" disconnected the call after he impersonated an insurance agent and provided a fake Texas insurance license number.

25. The calls further continued, including multiple calls within the same minute that same day from various spoofed caller IDs.

26. Finally, at 10:25 AM, the Plaintiff received a call from 210-460-1732. During that call, where the initial caller stated they were calling from "US Benefits" and were calling to sell the Plaintiff final expense insurance, the caller then transferred the call to Adlai "AJ" Saul with Defendant. Mr. Saul provided the Plaintiff his Texas insurance license number 2710364.

27. Ms. Pinn's cellular telephone number is used for residential purposes and is assigned to a cellular telephone service for consumers and consumer use.

28. Ms. Pinn's cellular telephone number is not associated with a business, nor is it associated with a telephone service sold for business use.

29. Ms. Pinn's telephone number has been on the National Do Not Call Registry since 2009, as the Defendant admits it knew about during the very first call.

30. The calls were unwanted.

31. The Defendant did not have the required prior express written consent to make the telemarketing calls at issue.

32. Indeed, prior to filing this lawsuit, the Plaintiff attempted to contact the Defendant, who admitted the calls took place.

33. Defendant never provided Plaintiff's prior express written consent to receive the calls at issue.

34. The calls were not necessitated by an emergency.

35. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they may have been charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## Class Action Statement

37. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

38. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

39. The Class as defined above are identifiable through phone records and phone number databases.

40. The potential members of the Class number likely at least in the thousands based on the generic and nationwide nature of the Defendant's telemarketing.

41. Individual joinder of these persons is impracticable.

42. The Plaintiff is a member of the Class.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

6

      (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

      (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

      (c) whether Defendant's conduct constitutes a violation of the TCPA;

      (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. Plaintiff's claims are typical of the claims of members of the Class.

45. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

50. The Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F.   An award to Plaintiff and the Class of damages, as allowed by law; and

G.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By their attorneys

*/s/Brian T. Giles*
Brian T. Giles (0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Telephone:  (513) 379-2715
Bgiles@gilesharper.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Subject to Pro Hac Vice*